UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DONALD J. WALTON,

        Petitioner,

v.

HEIDI WASHINGTON,

        Respondent.

Case No. 1:25-cv-1426

Honorable Sally J. Berens

_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any

procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134,

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice because, at the time Petitioner filed his petition, he was not subject to a final judgment of sentence and, therefore, the Court did not have subject matter jurisdiction over the petition.

## Discussion

### I.  Factual allegations

Petitioner Donald J. Walton is incarcerated with the Michigan Department of Corrections at the Cooper Street Correctional Facility (JCS) in Jackson, Jackson County, Michigan. On August 29, 2022, Petitioner pleaded guilty in the Kent County Circuit Court to operating while intoxicated, third offense, in violation of Mich. Comp. Laws § 257.6256 ("OWI"), and possession of narcotic/cocaine under 25 grams, in violation of Mich. Comp. Laws § 333.7403 ("possession"). On July 25, 2024, the court sentenced Petitioner to imprisonment for 1 year, 6 months for possession and 2 years, 6 months to 7 year, 6 months for OWI.[2]

This is not the first habeas petition Petitioner has filed in this Court. Shortly after Petitioner was sentenced, he filed a habeas corpus petition in *Walton v. Chrisman*, No. 1:24-cv-1011 (W.D. Mich.). By opinion, order, and judgment entered December 20, 2024, the Court dismissed that

---

[2] The extended delay from plea to sentencing occurred because Petitioner failed to show up for several scheduled sentencing dates. Register of Actions, *People v. Walton*, No. 22-00216-FH (Kent Cnty. Cir. Ct.), https://www.accesskent.com/CNSearch/appStart.action (select Criminal Case Search, enter First Name "Donald," Last Name "Walton," Year of Birth "1954," complete reCAPTCHA, select Search Criminal Cases, select Case Number "22-00216-FH") (last visited Dec. 29, 2025).

3

petition without prejudice because Petitioner had failed to exhaust his state court remedies. Op., Order & J., *id*. (ECF Nos. 21, 22, 23.) At that time, Petitioner had not filed an application for leave to appeal his convictions and sentences to the Michigan Court of Appeals.

Petitioner appealed the dismissal of his first habeas petition to the Sixth Circuit Court of Appeals. *Walton v. Miniard*, No. 25-1304 (6th Cir.). The Sixth Circuit Court of Appeals described the subsequent state court proceedings:

> On January 13, 2025, Walton filed a delayed application for leave to appeal in the Michigan Court of Appeals. Application for Leave to Appeal, *People v. Walton*, No. 374120 (Mich. Ct. App. Jan. 13, 2025), Dkt. No. 1.
>
> * * *
>
> [T]he Michigan Court of Appeals [did not] shuffle its feet in addressing Walton's application, denying on it in May 2025, exactly four months [after] it was filed. *See People v. Walton*, No. 374120, 2025 Mich. App. LEXIS 3714 (Mich. Ct. App. May 13, 2025). This delay was not "inordinate." *See Johnson*, 27 F.4th at 395; *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992). And no reasonable jurist could conclude that Walton has shown that an event "beyond his control" makes the Michigan courts incapable of resolving his claims. *See Johnson*, 27 F.4th at 397.
>
> Finally, it bears noting that the Michigan Court of Appeals' later ruling on Walton's application does not affect the analysis. Walton may still appeal decisions of that court to the Michigan Supreme Court. *See* Mich. Ct. Rule 7.305; *cf. O'Sullivan v Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must apply for discretionary appeals to exhaust state remedies before filing § 2254 claim). And in any case, he had to "exhaust state remedies before filing [his] habeas petition," not after. *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (emphasis added).

Order, *Walton v. Miniard*, No. 25-1304 (6th Cir. June 9, 2025).

Petitioner applied for leave to appeal to the Michigan Supreme Court just a few days before the Sixth Circuit dismissed Petitioner's appeal. *See* Case Information, *People v. Walton*, No. 374120 (Mich. Ct. App.), available at https://www.courts.michigan.gov/c/courts/coa/case/374120 (last visited Dec. 29, 2025). The Michigan Supreme Court denied Petitioner's application by order entered August 29, 2025. *People v. Walton,* 24 N.W.3d 819 (Mich. 2025). Petitioner then filed a timely motion for reconsideration. *See* Case Information, *People v. Walton*, No. 374120 (Mich.

Ct. App.) While that motion was pending, Petitioner filed the instant petition. (ECF No. 1.) Two weeks later, the Michigan Supreme Court denied Petitioner's motion for reconsideration. *People v. Walton*, 27 N.W.3d 87 (Mich. 2025).

## II.   Subject Matter Jurisdiction

"[L]itigants and district courts must assure themselves of subject-matter jurisdiction at the earliest possible moment to avoid wasting judicial and party resources." *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). In *Davis v. Warren*, No. 18-1768, 2019 WL 3035577 (6th Cir. Feb. 19, 2019), the Sixth Circuit Court of Appeals considered whether the federal district court had subject matter jurisdiction where the prisoner's appeal was still pending such that the judgment was not yet final. The Court stated:

> Because Davis filed his § 2254 petition while his appeal was still pending . . . his state judgment had not become final, and his habeas petition was therefore not ripe for review. As a result, the district court lacked jurisdiction to consider Davis's habeas petition. Although it appears that this jurisdictional defect may have since been cured, *see Davis*, 2018 WL 3551573 (remanding for resentencing on July 24, 2018), "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L. Ed. 154 (1824)).

*Davis*, 2019 WL 3035577, at *2. The Sixth Circuit vacated the district court's judgment and remanded the case with instructions that the district court dismiss Davis's section 2254 petition without prejudice. *Id.*

The procedural posture of Petitioner's case is akin to Davis's. The Court recognizes that *Davis* is non-precedential and, therefore, only serves as persuasive, not binding, authority. *See Meadows v. City of Walker*, 46 F.4th 416, 424 (6th Cir. 2022). Nonetheless, based on the Sixth Circuit's *Davis* reasoning, Petitioner's habeas petition was not ripe when it was filed. Under the circumstances, *Davis* counsels that this Court does not have jurisdiction to consider Petitioner's

claims attacking his convictions. Accordingly, the Court will dismiss Petitioner's section 2254 petition without prejudice.

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court resolved Petitioner's section 2254 petition on the procedural ground that the Court lacks jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The Court finds that reasonable jurists could not debate that *Davis* compels dismissal of the petition for lack of jurisdiction; therefore, the Court denies Petitioner a certificate of appealability.

## Conclusion

The Court will enter a judgment dismissing Petitioner's section 2254 petition without prejudice, as well as an order denying a certificate of appealability.

Dated:   December 31, 2025              /s/ Sally J. Berens
                                         SALLY J. BERENS
                                         United States Magistrate Judge